UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-CV-24086

BENNY R. HERNANDEZ,

    Plaintiff,

vs.

CHEROKEE ENTERPRISES, INC.,

    Defendant.
_____/

## **COMPLAINT FOR FLSA OVERTIME WAGE VIOLATION(S)**

Plaintiff, Benny R. Hernandez, sues Defendant, Cherokee Enterprises, Inc., as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Benny R. Hernandez**, was and is a resident of Miami-Dade County, Florida, at all times material, and he is *sui juris*.

2. Plaintiff was a non-exempt employee of Defendant.

3. Plaintiff consents to join in this lawsuit.

4. **Defendant, Cherokee Enterprises, Inc.,** is a Florida for-profit corporation that is authorized to conduct and that actually conducts its installation business throughout this District, with its principal place of business within Miami-Dade County, Florida, and it is *sui juris*.

5. Defendant was Plaintiff's direct employer for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. §203 (d).

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendant transacts business in this District, maintains its office and principal place of business in this District, and because most of the actions complained of occurring within this District.

1

### *Background Facts*

7. Defendant has been at all times material engaged in interstate commerce in the course of its provision of construction, environmental, fueling, excavation, grading, hauling and delivery services which, traditionally, cannot be performed without using goods, materials, vehicles, heavy equipment, supplies, and equipment that have all moved through interstate commerce.

8. Defendant engages in interstate commerce in the course of its submission of billings and receipt of payment involving out-of-state payors.

9. Defendant's annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

10. In particular, Defendant owns and operates a company that performs general contracting, civil/heavy construction, environmental remediation, environmental engineering and assessment, and other services utilizing computers, computer networking equipment, heavy machinery, testing equipment, motor vehicles, cellular telephones, telephones, and other materials and supplies to engage in this interstate commerce.

11. Defendant performs its services both inside and outside of the State of Florida.

12. Defendant advertises its services on the Internet at https://www.cherokeecorp.com/, a site that Defendant registered through Tucows Domains Inc., a foreign corporation.

13. Plaintiff worked for Defendant from July 17, 2017 to August 15, 2019.

14. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendant.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
www.fairlawattorney.com

15. Plaintiff's work for Defendant was actually in or so closely related to the movement of commerce while he worked for Defendant that the Fair Labor Standards Act applies to Plaintiff's work for Defendant in the course of his utilizing heavy machinery, hand tools, cellular telephones, and other goods and supplies that moved through interstate commerce.

### *Liability Allegations*

16. Plaintiff regularly and routinely worked more than 40 hours in a workweek while working for Defendant.

17. Plaintiff believes that he worked at multiple locations at which he should have received a higher rate of pay due to the application of a "Prevailing Wage" and/or "Living Wage" to such jobs, but Defendant is in sole possession of such information/documentation.

18. Plaintiff did not, however, receive pay stubs that reflected he received the difference in his hourly and/or overtime wage and any applicable "Prevailing Wage" and/or "Living Wage" for the work he performed for Defendant.

19. Defendant failed and refused to pay Plaintiff overtime wages calculated at time and one and one-half times his regular rate of pay, of at least the "Prevailing Wage" and/or "Living Wage" when applicable, for all hours worked over 40 hours in a given workweek.

20. Defendant willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half his regular rate(s) of pay (including the applicable prevailing / living wage) for each of the overtime hours he worked during the three years prior to the filing of this lawsuit.

21. Defendant either recklessly failed to investigate whether its failure to pay Plaintiff an overtime wage for the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendant

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

were not required to pay overtime, and/or Defendant concocted a scheme pursuant to which they deprived Plaintiff of the overtime pay earned.

22. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

23. All conditions precedent were either satisfied by Plaintiff or waived by Defendant.

24. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Benny R. Hernandez, demands the entry of a judgment in his favor and against Defendant, Cherokee Enterprises, Inc., after trial by jury and as follows:

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendant be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendant to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

4

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Dated this 2nd day of October 2019.

>Respectfully Submitted,
>
>s/Brian H. Pollock, Esq.
>Brian H. Pollock, Esq. (174742)
>brian@fairlawattorney.com
>FAIRLAW FIRM
>7300 N. Kendall Drive
>Suite 450
>Miami, FL 33156
>Tel:    305.230.4884
>*Counsel for Plaintiff*

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884    fax 305.230.4844
*www.fairlawattorney.com*